This case is case number 4-18-07-19, in re K.S., and for the appellant, we have Ms. Kiwara-Wilson, and for the appellee, Ms. Brooks, you may proceed, counsel. May it please the court, counsel. My name is Salome Kiwara-Wilson, and on behalf of the Office of the State Appellate Defender, I represent Cody S. Under our judicial system, the state is entitled to one fair shot to convict a defendant once they've charged him with a crime. Conversely, a defendant is entitled to be protected from multiple prosecutions once he has received an acquittal for the charged offense. It is simply antithetical to these principles for the state to get a mulligan once they've had their fair shot and failed to prove the defendant guilty beyond all reasonable doubt of all the charged elements. Let me ask you a question. Let us suppose the trial judge had said, my notes are not clear, or I might have missed something. I'm going to reserve ruling, and I'm going to let you argue on the element that I wonder about. And the state came in and simply argued and said whatever was in the record, assuming for the moment that it was sufficient. Would that have been permissible as opposed to letting the state reopen the evidence to try to prove something that the judge already told them it's either missing or I don't know anything about it? So if the judge had not made that complete sufficiency finding, had not said as it did in this case, I find that the state has not met its burden, then there's an argument that the state could come back if the court gave them the permission to come back and do that. Not to reopen the evidence, but just to argue on that issue. If the court had not made that finding, then the state might have more leeway to come back and do that. But here the state, I mean the court made an actual finding, a very clear finding that the state had failed to prove its element. Okay. So there's a difference. And in this case, even if the court was mistaken and its notes showed that the state had indeed proven this element or that the state was not required to prove this element, under Evans it would not matter. Once the court found that the state had failed to prove an element of the offense beyond a reasonable doubt, that was their acquittal. As Evans says, what the court terms its finding is not what controls. It's whether or not the court has made a finding that the state's evidence is insufficient, a substantive finding. And in this case, the court did that. There's several portions of the record that showed that, specifically on page 305 and 306, where the court notes that the state has, there's nothing that establishes the respondent's minus age at the time of the commission of these offenses. And that it does not show that the respondent's minus age was sufficient, sufficiently based on the evidence that was before the court. Even if you read the entirety of the court's ruling here, and a month later when it's considering the state's motion, it's very clear that the state has found, has made an actual finding that this evidence was simply not sufficient. Okay. Which, under Evans, is an acquittal. Because, which encompasses a ruling by the court that the evidence is insufficient to convict, a factual finding that necessitates, necessarily establishes that the criminal defendant lacks culpability, and any ruling which relates to the ultimate question of guilt or innocence. So, as Evans has rejected those magic words of, I therefore acquit you, we argue that in this case, Cody was acquitted. And because he was acquitted, this reopening of the state's case to allow them to present further evidence was putting Cody in jeopardy for the second time, which the court could not do under the double jeopardy clause. Once the acquittal took effect, the state could not reopen its case. Therefore, his adjudication should be reversed, because of the violation of his double jeopardy protections. So, is there any situation where a court can take something under advisement, not render a decision, would the state be able to reopen at that point if the judge simply said, I took this matter under advisement, I'm removing it from under advisement, without any finding as to guilt, whatever, could the state reopen then? I'm not sure I would see how the state could do so without the court indicating as to why it wasn't issuing a finding. To simply tell the parties that it was not going to issue a ruling, because once the court issues the ruling or comments on the sufficiency of the evidence is when the acquittal takes place. We absolutely have a problem with the fact that the state gets to reopen its case a month after trial, a little bit more than a month after trial. But again, in this situation, the court did make findings, which is where the acquittal stopped any further proceedings for Cody. And do you think the court was even seeking the state to file a motion to reopen? It seems like the court really was just asking, did I miss something? Exactly. I don't think that the court was asking for them to file a motion to reopen, but the state recognizing that it had failed to prove an essential element, as everybody termed it, took the opportunity to file a motion to reopen. But you're saying under the case law, even if the judge felt like, well, maybe I missed something, that given the finding, the acquittal, there was nowhere to go from there. Even if it was mistaken as to whether or not the state had to prove that element. Under Evans, which is the situation that happened there where the court felt that they had to prove a dwelling, that the place that got burned down was a dwelling, but the state did not have to and the Supreme Court said the acquittal still takes effect. So again, as I just pointed out, if the state had come back a month later and said this is not actually an element of the offense, the acquittal still stands and therefore his adjudications are still in violation of double jeopardy. But the state in this case did not come back a month later and say this is an element that we're not required to prove. In fact, they came back and argued it is an element and it's so important that we have to reopen our case in order to prove it. Judge agreed, defense counsel agreed, everybody below agreed that this is an element of the offense. The state is making an argument for the first time on appeal that showing or proving Cody's age is not an element of the offense. So as I argued in the briefing, the state should be stopped from making that argument because it's well established under Illinois law that the state cannot take a contrary position from a position it took below, especially to its benefit, in convincing the judge to reopen the case. Let's suppose they don't take a contrary position, but instead, as they did below, assert that the record as it exists is sufficient to prove because they asked the court to take judicial notice of a pleading. Was that sufficient, separate and apart from double jeopardy, separate and apart from anything else, asking the judge to take judicial notice of a pleading? Is that sufficient? No. So they reopened to prove something. And then failed to prove it. From your perspective. Yes. And this is because an information, a charging instrument, or in this case a petition for adjudication, cannot be proved beyond a reasonable doubt of an element of the offense. Just as the state could not introduce or ask the court to take judicial notice of the petition for adjudication to prove sexual penetration or sexual conduct, they simply cannot do that to prove age. It's as important an element as those other elements. Now let me ask you another question. Was it necessary for the state to charge this crime the way they did, given that the child was under 9? Did they have to charge it under the subsection that required them to prove age? The subsection that required them to prove that he was under 17. Our argument is that they could have charged him with a lesser offense, but under the aggravated criminal sexual assault and aggravated criminal sexual abuse statute, there are other ways to charge this offense. The state would have been required, for example, if they had charged him as using force. They would have been required to prove force, but then they wouldn't have been required to prove his age. So it's a charging decision on the state's part. And once they decided to charge him under these subsections, then they had to prove age. And the plain language of the statute does show that this is an element of the offense. There's simply no way to read the statute without reading the accused's age as an element of the offense. The statute is clear. It's not ambiguous. No one argues it's ambiguous, including the state. But the state wants you to jump past that determination of whether or not the language is ambiguous and go straight to legislative history, which the state and this court cannot do. You have to start with the plain and ordinary meaning of the statute, which is that a person commits an aggravated criminal sexual abuse or an aggravated criminal sexual assault if the person is under 17 and. Then they list the age of the victim. Did the trial court in this case report to take judicial notice of the birth date of the respondent? It took judicial notice of its file, which indicated the birth date of the respondent as being a certain date. What part of the file? Is my understanding correct? It was just the. . . Which was the petition. Yeah. The petition for the adjudication is what they specifically referred to. So the court, thinking that this is an element of the offense, takes judicial notice of the state's pleading to meet that element? Yes. Even after. . . How does that work? That is the opposition. How does that work? Well, did anyone talk about it at the trial? I mean, they'd say, well, wait a second, Judge. You can't take judicial notice of their pleading to meet an element. Well, the defense counsel objected to the reopening of the case. It didn't specifically object to the court taking judicial notice of the pleading or of its court file. It just said the court couldn't do so at that point in the process. But the judge had indicated to the state what it needed in order to prove age. It indicated that the state could have introduced a certified birth record. It could have called a close relative or an officer to come and testify as to the age. Somebody yourself. Exactly. Defendants. . . The respondent's mother was in court the entire time. The victim's uncle could have been called to the stand because as a close relative, he could have testified as to the defendant's birthday. Did the state at the trial level assert that the respondent's age was an element of the offense that had to be proved? Yes. That is how they got the court to reopen its case. Okay. And so because the state failed. . . I mean, because the court adjudicated Cody as guilty based on a violation of his double jeopardy rights, we ask that his adjudications be reversed. And because the state, once it got its second shot, failed to prove him guilty beyond reasonable doubt by asking the court to take judicial notice of a charging instrument, we ask that his convictions be reversed for that purpose as well. Thank you, counsel. Ms. Brooks? Thank you, Your Honors. May it please the Court. My name is Allison Page Brooks, and I'm here on behalf of the people. Because the defendant's double jeopardy claims are forfeited for not having been raised below, he must meet this plain error standard, which means he has to show that the error is clear or obvious. And the Williams rule, which says that a statement must be unequivocal in order to constitute an acquittal, it is a threshold for the defendant to reach his double jeopardy analysis. And in this case, the statements that they rely on, pages 305 and 306 of the record, immediately preceded the trial courts saying that he was going to give counsel an opportunity to review notes, provide case law, and then specified, again, when he talks about his review of the evidence, the judge then said, before making the final ruling, giving counsel, again, an opportunity to address the issue through case law or point to evidence, which means more further argument. And I'm going to reserve that final decision. So this is like the application of one of the first things I learned in law school, which is the keep reading rule. And if you keep reading, the court can see that in this transcript, there was no decision made. There was the trial court withholding judgment in order to permit further opportunity for argument. And in that meantime, the trial court allowed the state to reopen his proofs. But as long as there had never actually been an acquittal entered, the trial court has the ability to do that. So the question essentially is, despite what the Illinois Supreme Court said in the Williams case, is it clear or obvious that the trial court made an acquittal at any point during these remarks, when remarks have to be made, have to be examined in their entirety, and the statements must be unequivocal, where here the equivocations are that the trial court was clearly stating that they have – that the trial court was going to reserve the final decision and is not, in fact, making the finding or ruling and permitting further argument. But he's earlier said that he has made that finding. Which page was that? I have the quote, but I don't have the – above where he says, before making my final ruling in a paragraph, he says, my analysis and my review and what I believe the evidence shows, it does not show the respondent's age sufficiently based on the evidence that was presented, but what the court is going to do because of that finding, I will give counsel. So that is – in my mind, I'm the trial judge, and I was a juvenile judge for a long time, or it seemed like a long time. I've made a finding. You haven't proved an element of the offense. I see that on page 306 of the transcript. But essentially, it is immediately after that remark that the trial court then is establishing that that, in fact, was not the judgment of the court. Let's concede that for the moment. He tells them, point me to something in the evidence that would help me make that final judgment. Instead of doing that, the state asks to reopen the proofs, which is different than the court deferring its ruling to give the state the opportunity to argue about what's already in the record. Okay. Instead, the judge says, okay, yeah, you can reopen the proofs, and then they might bring in a birth certificate. We'd have a problem with that, wouldn't we, if I'd let them reopen the proofs instead of just pointing out to me what they've already presented as evidence? I mean, how do you do that in a – I don't care what we call this juvenile. It's a criminal trial. Well, if the defendant's right to a double jeopardy protection took effect because he was acquitted, then the trial court cannot open reproofs. It cannot grant motion reconsideration or anything. The case is over at that point. But the state disagrees with the claim that this had been an acquittal for purposes of double jeopardy. But even if they take double jeopardy out of it, by what process permits a prosecutor to say, after a full adjudicatory hearing, and the judge says, point me to something, before I make my final ruling. Instead, the state says, let's reopen the proofs. And, of course, then, as you might tell from certain grimaces on the bench, making reference to what's already in the pleadings is somehow proof of something. But they reopen the proofs to get that second bite of the apple. And you don't have to call it constitutional. Just procedurally, how do you do that? Well, if, for example, in adult criminal court, there was a motion for a directed verdict or a directed finding, and the judge says, well, I would be inclined to grant that. However, you know, I recognize that there is this element out there. And then the state says, Your Honor, I would like to move you open to proofs. They recognize that there's no proof, but the judge has not actually entered an acquittal at that point. That's far from what we have here. And we're actually, what you're describing, we're still in the midst of the hearing, the trial, or whatever. But in this case, as you know, we're at least a month out or close to a month out. Oh, okay. So Your Honor's concern is the timing and the procedural nature of the decision to reopen proofs versus the defendants. That's the first problem before you ever get to the question of does it meet the constitutional test for double jeopardy. Okay. Just how about the process being fair? Okay. Well, the remedy then would not be outright reversal as it would with double jeopardy. I mean, because essentially they're not asking for another hearing, a procedurally fair hearing. They're asking for outright reversal invoking what they believe to be their protections that they believe they're entitled to under the double jeopardy clause. That's what they are asserting. I haven't been prepared to argue the procedural implications of whether this was procedurally fair to do it at that point. Would you agree that the procedural aspects of this case are unusual? Would you concede that? I don't have enough experience to tell you what's usual or unusual. It's unusual. It does seem unusual. It would seem that such a delay would be constantly unusual, but I'm not sure if that prejudices the defendant's double jeopardy rights or I'm not sure. Because the trial court can grant a motion to reopen proofs, and I'm sure if the trial court has discretion to do so, they'd have to show that as an abuse of discretion. I'm not sure the timing makes much of a difference in that as long as it doesn't happen after an acquittal. And in most of these acquittal cases, there's been some activity by the prosecutors. Once there's been a finding, and then comes motion for reconsideration. And, Your Honor, that's not really an element, that sort of thing. There's nothing of that here. It was one continuous stream of the trial court recognizing that it was not actually going to make a decision on this case. Okay, let's skip past that. Right. Did they prove age? Okay, the other issue about proof of age. Okay. The proof is in the form of judicial notice. That fact, judicially notice, constitutes proof of the fact that was judicially noticed. Now, the separate issue as to whether that was a proper action is distinct from the question as to whether the defendant has a due process right, double jeopardy right, to have his case reversed outright based on what he claims to be the failure of the prosecution to prove its case beyond a reasonable doubt at the hearing. In other words, if the proof is insufficient, double jeopardy bars the trial. However, if there was error in the admission of evidence, and that evidence would constitute sufficient proof beyond a reasonable doubt, and that error is reversible, his remedy would be a new trial, not outright reversal. So the question here is when the trial court took judicial notice of a fact, that fact is conclusive because this is not a jury trial. Yeah, but how is it a fact if it's just an allegation? It was part of the pleading, but it wasn't part of the charge. It was part of the pleading. Right. Does that matter? Well, it does because I think the defendant's position is that somehow the trial court was finding proof in the allegations of the petition, the allegation, for example, that the defendant was under 17, and then that's not the judicial notice. The judicial notice was the defendant's specific birth date. I don't remember. From where? From the petition, which is the charging instrument in the juvenile case. It was contained on the charging instrument, which the question here is not whether that was proper. If it was proper or improper, the remedy is a new trial, a new proceeding. If the fact was judicially noticed that his birth date was a certain date, there is a way of determining from the evidence when the offense occurred, and then the trial court then can calculate and infer based on what it found the defendant's age to be. A judicially noticed fact is evidence. It is conclusive evidence in a non-jury proceeding. Now, in a jury trial, because of the respect for the rights of a jury trial, a judicially noticed fact is not conclusive and binding on a jury because a jury is not required to accept that. But in a non-jury proceeding, a judicially noticed fact is conclusive. It's proof. That is proof beyond a reasonable doubt because it's conclusive. And so, I mean, the question then becomes, well, was it proper to take judicial notice based on something that was on the face of the pleading? Not an allegation of crime, but on the face of the petition for adjudication. Well, then that becomes a question of whether he's entitled to a new proceeding or not, not whether he's entitled to a reversal under due process and slash double jeopardy for failing to prove the petition. And I guess the state's distinction here is in case they rely on SM, the judicial notice was only of the status of the court file because it was in judicial court and there hadn't been any objection to the fact it was in judicial court. Here, the trial court took judicial notice of the defendant's specific birthday, which is vastly different because then that specific birthday shows exactly when he was born and then in relation to the evidence of when the offenses occurred, can determine whether he was, in fact, under 17 at the time the offenses occurred. That is why this is vastly different. This is not simply taking judicial notice of the status of a pleading, the fact that it was filed in juvenile court and not objected to. That was just like SM. This is a judicially noticed fact that constitutes conclusive proof of the fact judicially noticed. The defendant may have... Even if we think it borders on the bizarre to think that the judge thought it was appropriate to take judicial notice of a birthday in a pleading, he did so and the only remedy for the respondent is reversal, remand, and go back and do it for a new trial, which is suggesting where this element will not be proved by improper evidence. Well, that's what the Oliveira case says. That is, all the evidence that was admitted has to be looked at in determining whether the proof was sufficient beyond a reasonable doubt. And this court cannot discount any improperly admitted evidence. That's the Oliveira case. And so, even if this was somehow improperly judicially noticed, the judicially noticed fact constitutes conclusive proof of the fact judicially noticed. That then gets admitted into evidence and that constitutes evidence of his birthday because the trial court did so. It is in the record. It is the evidence that was before the trial fact. Now, if that was improper or not, Oliveira says that cannot be discounted. That is still, for purposes of double jeopardy barring a retrial or granting him a right, a due process right to outright reversal because of insufficient proof, it still must be considered as part of the evidence. Now, I understand that you have no control over how a case is charged, but are there sex offenses, perhaps even a serious, where the state would not have had to prove that he was under 17? I've looked at the statute and it looks like, yeah, unless there's force or a weapon or something else that's required, then age is an element of the offense. Do you now agree that age is an element of the offense? No, Your Honor. And the defendant, I think, their argument is saying that I was right on the legislative history. The legislative history in terms of, like, debates or something, I don't believe I've cited that legislative history. I believe I'm citing legislative intent as derived from the actual text of the statutes as they were enacted. And the aggravated criminal sexual assault has been changed because of the institution of predatory criminal sexual assault, which merely aggravates the crime of the victim if the defendant, I'm sorry, is over 17. But the aggravated criminal sexual abuse statute has not changed since, I think, it was 1984 when these were revised. And the subsection is part of the, I mean, C-1 and C-2 are part of the same statute. So I guess it gets down to the question of legislative intent. Are these completely separate independent crimes such that if he's charged under 17 and the defendant comes in and says, well, you know what, I was actually a day older than 17 at the time of offense, and here's my birth certificate, or I was born in a foreign country, and I don't know exactly what day, but my mother told me I was born that day, and the jury believes it or finds a reasonable doubt, and now he's not guilty because sexual penetration or sexual conduct with a minor under 9 years old is somehow the legislature meant to give a pass to somebody based on whether this was charged under the wrong subsection. This is all part of the same crime. And if you look at the crime, the way the language reads, the legislature had a reason to do it this way, and then this was the distinction. If the defendant is 17 or over and the victim is 13 to 17, force has to be proved, or threat of force. But if the victim is under 9, it doesn't matter. But because of that distinction about the legislature wanted to make force and threat of force an element, if the victim is at least, let's see, 9 years of age, if the victim, if the defendant is under 17, or at least 13 years of age if the victim is, if the defendant is over 17, that is the reason for separating these two. But they could have just simply made the same statute that says that sexual, aggravated criminal sexual abuse or aggravated criminal sexual assault is committed if the defendant commits sexual penetration or sexual conduct with a victim under 9 years old, period. And then made a separate subsection for these situations where the victim's age is older than 9. Because there's no way the legislature intended to make it matter what the defendant's age was if the victim is under 9. It is illegal for anybody to commit. And the case cited by the defense is position of a handgun by a person under 18. It's legal conduct. It is legal conduct to possess a handgun unless you're under 18. The legislature says that's a status offense. You're not allowed to do that if you're under 18. But the legislature never said you're allowed to engage in sexual penetration with a person under 9. Oh, unless you're under 17. It's not legal for anyone who is older than 17. It's illegal for anybody. And in fact, at the time this was enacted, it had the exact same penalty. Whether you were, you know, whatever the age of the offender was. It was the exact same crime. It was the exact same penalty. It was right next to each other in the subsections. And so their argument is that proof of the offender's age is constitutionally required. Well, there is an argument to whether due process requires the state to make a particular fact an element of a crime. Like, for example, the state can't just say, okay, we're going to institute a new offense called crime. And it's committed in like one of the, you know, 500 different ways. And that might violate due process. But here the state can say that sexual penetration, sexual conduct with a minor under 9, of a victim under 9, is criminal. And they do not, as a matter of due process, have to specify what the offender's age is. So the question then becomes, did the legislature in fact make it an element of the crime? In which case, due process would require proof of it because it was in fact incorporated as an element. So there's two aspects to that. Was the state even constitutionally required to make this an element in the first instance? No. They were not constitutionally required. They could prohibit this behavior regardless of the offender's age. Then the question is, did they in fact do so anyway? In which case, the state would have to prove it. And the state's position, again, is no. They did not in fact make this a requirement either. So is this 17 years old merely a statement of when the juvenile court may exercise its jurisdiction over this kid? He's 18. He would be an adult. Well, yeah. That changed in the time of these, when these offenses were instituted, which I believe the legislative intent should go back to what the legislature intended when they enacted these new offenses back in, like, 1984, when jurisdiction was different. And now it's been raised to 18. I don't think it has anything, the legislative intent here doesn't have anything to do whether this would be charged in juvenile or adult court. I believe it was simply a matter of did the legislature intend to make these separate offenses completely distinct separate offenses? The argument is that having sexual conduct with a child under 9 is criminal, period. Period. And that's what the legislature intended. It doesn't make any difference what the age of the offender is. Right. And that's exactly what the legislature intended, although they separated them out for a specific reason because of dealing with victims over 9. That's why it was separated, because of the requirement they wanted to throw in the threat of force. But still, there's an allegation in this case that the victim was under 9 and the respondent was under 17. Isn't that right? Well, that was alleged, but that's not necessarily. Where did that language come from? Does that just give jurisdiction to the criminal court? No. No, it comes from the statute. But that doesn't mean that that was intended to be an element that had to be proved, lest the defendant or respondent be entitled to an acquittal. What about jury instructions? I mean, when we look at jury instruction, it's included as an element. Well, it shouldn't be, because the jury instruction, respectfully, didn't notice the fact that these are part of the same statute and that the legislature did not intend these to be treated as separate crimes. And that they did not intend to be treated as a status offense, like possession of a handgun under 18. And that was my argument. Thank you, Your Honor. Thank you, counsel. Any rebuttal? I'll start by addressing the state's second argument. Essentially, the state is arguing that by looking at legislative intent, we're not looking at legislative history. But the state is arguing that you have to go back and see why the legislature separated these offenses in the first place. Again, you have to just simply go off of the plain language of the statutes in order to determine what the legislative intent is. Well, let's go back to what you were saying. If you're dealing with sexual conduct with a child under nine years of age, it's a crime no matter what the age of the alleged offender is. Isn't that right? I agree. If it's a crime no matter what the age is, is it your position that the presence of an age added or is necessary? Why is that present with regard to this offense? Because it's in the statute. And the argument seems to be that somebody must have forgotten to take that element out of the statute because it's there. Now, Ms. Brooks doesn't agree with me, but it seems to me that maybe it's there because it accounts for why it's a juvenile court proceeding. But that's not the reason. I mean, for instance, if this offender were allegedly 19 years old, he doesn't belong in juvenile court, does he? No, he does not belong in juvenile court. So he's under 17, then it's in juvenile court, so the petition says, by the way, this guy's under 17, so it's a juvenile court matter. But this is not the statute that gives the court the jurisdiction, and we didn't brief on that issue, but this is not the statute that gives the court the jurisdiction. This element exists anyway if the accused is transferred to the adult court and they're under 17. So the under 17 element would remain either way. The argument seems to be, essentially, that this element should be overlooked because that's not what it's supposed to be saying, that it does not mean anything. Well, her point that the reference to the gun statute doesn't work because you have to be under 18 for it to be a crime, whereas if you're over 18, it's not. Here, it's a crime no matter what. But the way the statute reads, the age is a required element of the offense, and if the state is saying that that's not how the statute should read, then the state has to take that up with the legislator. The plain language of the statute makes this something that the state has to prove. It's as simple as that. And arguing that the legislator forgot to take it out or that the jury instructions are somehow wrong because they misread the legislative intent goes far beyond reading the plain language of the statute, which is the first step we have to take in interpreting what the statute means and what the state has to prove in this case. And again, as the state argues, they simply could have taken out the age, but the fact remains they did not forget to take out the age. It's in there in the statute, and it's required to be proven. The state is correct that this issue was forfeited below, but again, the double jeopardy issue. But because it's double jeopardy, this court should look at it as second from plain error because Cody's rights were substantially affected. And Williams and Henry are distinct, as argued in their reply brief, because they deal with a motion for a directed verdict where an acquittal would not take effect under those holdings without the court first granting the motion. The distinction here is this was at the end when Cody was subjected to a second trial, was at the end of the first trial, after the state and the defense had rested, presented all their evidence, and the trial fact considered all the evidence. Is there any dispute in this evidence regarding whether or not he's committed this crime other than the question of his age? We are simply disputing the reasonable doubt argument as to the age. The court made findings that the other elements were proven beyond the reasonable doubt. As to Justice Connacht's question, it is of course procedurally unfair to allow the state to keep coming back and reopening this case for as many times as they feel they need to prove their case. For example, if the defense had pointed out that you cannot rely on a charging instrument to prove an element of the offense, the state could not have been allowed to take another month or take another week to go and bring the proof they needed. This has to end somewhere. We had the trial. Everybody presented their evidence. The court took the matter under advisement, made findings as to what the state had proven, what the state had not proven, which under Evans, the fact that the court says I acquit is not what controls. It's what the court has made in terms of findings. And therefore, we ask that you grant Cody the relief he seeks in his briefing. Thank you, counsel. We'll take this matter under advisement and be in recess at this time.